UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-cv-21978

MARCO POLO VITAL,

    Plaintiff,

v.

NORTHSTAR LOCATION SERVICES, LLC,
ALLIED INTERSTATE, LLC
and NAVIENT SOLUTIONS, LLC,

    Defendants.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"),

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3. Plaintiff, MARCO POLO VITAL ("VITAL"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, NORTHSTAR LOCATION SERVICES, LLC ("NLS"), is a limited liability company organized under the laws of the State of New York. Its principal place of business is at 4285 Genesee St., Cheektowaga, NY 14225.

5. NLS is registered with the Florida Department of State Division of Corporations as a limited liability company. Its registered agent for service of process is CT Corporation System, 1200 S. Pine Island Rd., Plantation, Florida 33324.

6. NLS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. NLS regularly collects or attempts to collect debts for other parties.

8. Defendant, NLS, is a "debt collector" as defined in the FDCPA.

9. NLS is a creditor as defined by the FCCPA.

10. Defendant, ALLIED INTERSTATE, LLC ("Allied"), is a limited liability company organized under the laws of the State of Minnesota. Its principal place of business is at 12755 Hwy 55, Plymouth, MN 55411.

11. Allied is registered with the Florida Department of State Division of Corporations as a limited liability company. Its registered agent for service of process is CT Corporation System, 1200 S. Pine Island Rd., Plantation, Florida 33324.

12. Allied regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

13. Allied regularly collects or attempts to collect debts for other parties.

14. Allied is a "debt collector" as defined in the FDCPA.

15. Allied is a creditor as defined by the FCCPA.

16. Defendant, NAVIENT SOLUTIONS, LLC ("Navient"), is a Delaware corporation with its principal place of business located at 2001 Edmund Halley Dr., Reston, Virginia 20191-3436

17. Navient is registered with the Florida Department of State Division of Corporations as a limited liability company. Its registered agent for service of process is Corporation Service Co., 1201 Hays St., Tallahassee, FL 32301.

18. Navient regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

19. Defendant, Navient, is a creditor as defined by the FCCPA.

## FACTUAL ALLEGATIONS

20. Defendants sought to collect from Plaintiff an alleged debt for a consumer loan.

21. The debt was for a personal, household, or family purpose.

22. Marie C. Desrivieres ("Desrivieres") took out a private student loan with Navient.

23. She forged Plaintiff's signature on the loan documents as a co-signer.

24. Plaintiff did not agree to co-sign a student loan or any loan with Navient on behalf of Marie C. Desrivieres ("Desrivieres Loan").

25. Plaintiff did not sign any loan or other documents on behalf of Desrivieres.

26. Plaintiff was not aware that he was listed as a co-signer for any loan with Navient.

27. When Plaintiff became aware that Navient considered him to be jointly and severally liable for the Desrivieres loan, he disputed the loan with Navient.

28. Plaintiff also disputed the debt with the three (3) credit reporting agencies: Equifax, Experian, and Transunion.

29. Each of the credit reporting agencies removed the fraudulent account from Plaintiff's credit report.

30. Plaintiff, on March 5, 2017, filed a police report regarding the fraudulent student loan. This report was sent with a letter to Navient on or about June 5, 2017.

31. Defendants, unlike the three (3) credit reporting agencies, refused to believe Plaintiff's sworn claim that he did not sign any loan documents on behalf of Marie C. Desrivieres.

32. Defendants have no proof that Plaintiff signed the Desrivieres loan documents.

33. Defendants, improperly, illegally, and with no basis in fact or law, continued to attempt to collect on the Desrivieres student loan.

34. Plaintiff filed suit against Navient on January 10, 2018, in Miami-Dade County state court and Navient was served on February 2, 2018.

35. Navient was aware of Plaintiff's disputes as of June 14, 2017.

36. Notwithstanding that Plaintiff disputed the debt with Navient and filed suit against Navient for attempting to collect an invalid debt, Navient referred the Desrivieres loan to both Allied and NLS.

37. Defendants are or should be fully aware that Plaintiff is not responsible for the Desrivieres loan and continue to attempt to collect on that debt.

38. Subsequent to the filing of the state court lawsuit, all Defendants sent communications directly to Plaintiff. Copies of multiple letters from Navient, NLS and Allied are attached as Composite Exhibit "A."

39. Plaintiff's attorney had not consented to Defendants' direct communication with Plaintiff.

40. Plaintiff's attorney had not failed to respond to any communication of Defendants within a reasonable amount of time.

41. No court had authorized Defendants' direct communication with Plaintiff.

42. At the time Defendants sent letters to Plaintiff, Defendants knew the FDCPA and FCCPA prohibited them from communicating directly with Plaintiff.

43. Defendants' actions caused Plaintiff to incur actual damages including attorney's fees and emotional pain and suffering.

### COUNT I
### COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2) AGAINST NLS AND ALLIED

44. Plaintiff incorporates Paragraphs 1 through 43.

45. Defendants, NLS and Allied, communicated directly with Plaintiff when Defendants knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, NLS and Allied for:

a. Actual and statutory damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other and further relief as the Court deems proper.

### COUNT II
### COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF FLA. STAT. §559.72(18) AGAINST ALL DEFENDANTS

46. Plaintiff incorporates Paragraphs 1 through 43.

47. Defendants communicated directly with Plaintiff when Defendants knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72(18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, NLS and Allied for:

a. Actual and statutory damages;

b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other and further relief as the Court deems proper.

## COUNT III
## ATTEMPTING TO ENFORCE AN INVALID DEBT
## IN VIOLATION OF FLA. STAT. §559.72(9) AGAINST ALL DEFENDANTS

48. Plaintiff incorporates Paragraphs 1 through 43.

49. Defendants are or were attempting to collect a debt that they know is not legitimate in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, NLS and Allied for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT IV
## DISCLOSING INFORMATION CONCERNING A DEBT WHEN THE DEBT
## WAS DISPUTED IN VIOLATION OF FLA. STAT. §559.72(6) AGAINST NAVIENT

50. Plaintiff incorporates Paragraphs 1 through 43.

51. Navient referred the Desrivieres loan to NLS and Allied to collect the debt.

52. Navient disclosed to NLS and Allied information concerning the existence of the debt that was known to be reasonably disputed by Plaintiff without disclosing that the debt was disputed in violation of Fla. Stat. §559.72(6).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, NLS and Allied for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT V
## COMMUNICATING WITH SUCH FREQUENCY AS TO HARASS PLAINTIFF IN VIOLATION OF FLA. STAT. §559.72(7) AGAINST NAVIENT

53. Plaintiff incorporates Paragraphs 1 through 43.

54. Navient by sending letters and referring the disputed debt to Defendants, NLS and Allied, willfully engaged in conduct which could reasonably be expected to abuse or harass the Plaintiff in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Navient for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> Debt Shield Law
> Attorney for Plaintiff
> 3440 Hollywood Blvd., Suite 415
> Hollywood, FL 33021
> Tel:   305-776-1805
> Fax:   305-503-9457
> legal@debtshieldlawyer.com
> joel@debtshieldlawyer.com
>
>   */s/ Joel D. Lucoff*
> Joel D. Lucoff
> Fla. Bar No. 192163